UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                  Case No. 91-80767
                                                         Honorable Denise Page Hood

ANDRE SCOTT,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO EXPUNGE

This matter is before the Court on Defendant's Motion to Expunge **[Docket No. 50, filed August 8, 2011]**. This case was formerly before the Honorable George E. Woods. Plaintiff was committed to the custody of the U.S. Bureau of Prisons for a term of 12 months and one day.

Defendant asks that this Court expunge his criminal record. He notes that he has been gainfully employed with Chrysler Corporation for nearly 17 years and owns his own company. Defendant hopes to expand his business but is unable to do so because he must submit to criminal background checks, which would reveal his criminal record. He further adds that he has been productive citizen since his release from prison.

The Sixth Circuit has recognized "the inherent equitable powers of a federal court to order the expungement of a [criminal] record in an appropriate case." *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977). Although the Sixth Circuit has not provided an exact standard to determine which cases are "appropriate," it has reasoned that the Court's expungement power may be used "only in extreme circumstances." *United States v. Robinson*, 79 F.3d 1149, 1996 WL 107129, *1 (6th Cir. 1996). Accordingly, the petitioner's circumstances must be compelling

and extraordinary to warrant expungement. *Id.* at *2. Courts have "invoked the expungement power with respect to illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct." *Id*. Conversely, courts have declined to exercise the power to expunge in cases based on the inability to obtain employment, to legally possess a firearm, and to become a lawful United States citizen. *United States v. Scherer*, 2009 WL 1654602 (W.D. Mich. June 11, 2009); *United Sates v. Saah*, 2007 WL 734984 (E.D. Mich. Mar. 8, 2007); *United States v. Usery*, 2007 WL 1975038 (E.D. Mich. Jul. 25, 2006).

The Court finds that Defendant has not demonstrated compelling or extraordinary circumstances that warrant expungement of his criminal record. The Court appreciates that Defendant is a law-abiding and productive citizen and has remained gainfully employed. Although the Court understands that Defendant's convictions may hinder the expansion of his business, the Court also recognizes that such "adverse consequences … are the natural and predictable result of engaging in unlawful conduct." *United States v. Wiley*, 89 F.Supp. 909, 911 (S.D. Ohio 1999). Expungement is not appropriate under these circumstances.

Accordingly,

**IT IS ORDERED** that the Defendant's Motion to Expunge **[Doc. No. 50, filed August 8, 2011]** is **DENIED**.

                                                                          s/Denise Page Hood
                                                                          DENISE PAGE HOOD
DATED:  January 30, 2012                        United States District Judge

I hereby certify that a copy of the foregoing document was served upon Andre Scott, 6630 Floyd, Detroit, MI 48210 and  counsel of record on January 30, 2012,  January 30, 2012 by electronic and/or ordinary mail.

                                                             s/LaShawn R. Saulsberry
                                                             Case Manager